UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOYCE SUAREZ, | § | No. 5:15–CV–664–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| OCWEN LOAN SERVICING, LLC | § | |
| AND ROB VALDESPINO ET AL., | § | |
| TRUSTEES, | § | |
| | § | |
| Defendants. | | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is a Motion to Dismiss filed by Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant"). (Dkt. # 4.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 4).

BACKGROUND

In 2000, Plaintiff Joyce Suarez ("Plaintiff" or "Suarez") and her husband Felix Suarez purchased the real property located at 1246 Clower Street, San Antonio, Texas 78201 (the "Property"). (Dkt. # 4, Ex. A-1.) Suarez executed a security instrument granting Ameriquest Mortgage Company a security interest in the Property. (Id.) On November 18, 2014, Ameriquest Mortgage Company

1

properly assigned Suarez's mortgage to U.S. Bank National Association. (Dkt. # 4 ¶ 11; id., Ex. A-2 at 1.) The Corporate Assignment of Deed of Trust was filed in the Official Public Records of Bexar County on December 3, 2014. (Dkt. # 4 ¶ 11; id., Ex. A-2 at 3.) On April 15, 2015, U.S. Bank National Association, acting through its attorney-in-fact Ocwen, properly appointed Rob Valdespino et al., (the "Trustees") as substitute trustees. (Dkt. # 4 ¶ 12; id., Ex. A-3 at 1–2.) The Appointment of Substitute Trustee was filed in the Official Public Records of Bexar County on May 26, 2015. (Dkt. # 4 ¶ 12; id., Ex. A-3 at 4.)[1]

Plaintiff claims she requested mortgage assistance from Defendant at some point; the circumstances surrounding this request are unclear from the Complaint. (Dkt. # 1, Ex. B-1, ¶ 4.05). Defendant allegedly promised to "work with plaintiff to avoid foreclosure." (Id. ¶ 5.01.) Despite this promise, the Trustees scheduled a foreclosure sale for the Property to take place on July 7, 2015. (Id. ¶ 5.01.) On July 6, 2015, Suarez filed suit in the 288th Judicial District Court of Bexar County seeking a Temporary Restraining Order and Temporary Injunction to prevent Ocwen and the Trustees from selling the Property at the July

---

[1] The Court may consider the documents regarding the transferred security interest in the Property and appointment of substitute trustees attached to the motion to dismiss without converting the motion into one for summary judgment. See In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (stating that a court may consider materials outside the pleadings on a motion to dismiss where those materials are both central to the plaintiff's claims and referenced in the complaint).

2

7, 2015 foreclosure sale. (Dkt. # 1, Ex. B-1, at 5.) In Plaintiff's Application for a Temporary Restraining Order, Plaintiff alleges that Ocwen and the Trustees failed to serve Suarez with a notice of default at least twenty days before the notice of sale and failed to provide proper notice of sale, violating Texas Property Code § 51.002. (Dkt. # 1, Ex. B-1, ¶ 4.03.) Plaintiff alleges that a proper notice of sale was never filed, because the Trustees were not validly appointed. (Id. ¶ 4.04.) Finally, Plaintiff alleges that Defendant's failure to provide mortgage assistance justifies the grant of a Temporary Restraining Order. (Id. ¶¶ 4.05–5.01.)

The state court issued the Temporary Restraining Order and set a hearing on the Application for Temporary Injunction for July 20, 2015. (Dkt. # 1, Ex. B-2.) On August 7, 2015, Ocwen removed the case to this Court, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Dkt. # 1.) On August 14, 2015, Ocwen filed the instant Motion to Dismiss. (Dkt. # 4.) Suarez did not file a response.

LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court

accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina, 495 F.3d at 205 (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## DISCUSSION

Ocwen argues that Suarez pleads no legally cognizable claims and consequently has no grounds to request injunctive relief.  (Dkt. # 4 ¶¶ 6–15.) Specifically, Ocwen contends that Suarez's claim pursuant to Texas Property Code § 51.002 is not ripe for adjudication, that Ocwen appointed the Trustees in compliance with Texas Property Code § 51.0075(c), and that Suarez has no legal right to enjoin a foreclosure sale for failure to provide mortgage assistance.  (Id. ¶¶ 6–14.)

At the outset, the Court notes that a motion to dismiss is a dispositive motion under Local Rule CV-7.  W.D. Tex. Civ. R. 7(c).  Failure to file a response to a dispositive motion within fourteen days constitutes grounds for the court to

"grant the motion as unopposed." Id. at 7(e)(2).  Because Suarez has not filed any response in this case, the Court is justified in granting this motion as unopposed.  However, in the interests of thoroughness, the Court will address the merits of Ocwen's Motion to Dismiss.

A plaintiff may only secure a preliminary injunction if she demonstrates

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

Byrum v. Landreth, 566 F.3d 442, 445 (5th Cir. 2009) (quoting (Speaks v. Kruse, 445 F.2d 396, 399–400) (5th Cir. 2006)).  The party seeking an injunction must "plausibly assert a cause of action against Defendants" in order to obtain injunctive relief.  Avila v. Compass Bank, No. 5:14-CV-686, 2014 WL 4999440, at *2 (W.D. Tex. Oct. 7, 2014) (denying injunctive relief where plaintiffs failed to state a cause of action in a foreclosure proceeding); Denman v. Wells Fargo Bank, N.A., No. SA-13-CV-11-XR, 2013 WL 1866580, at *2 (W.D. Tex. May 2, 2013) (granting defendant's motion to dismiss petition to enjoin foreclosure, where plaintiffs did "not assert[ ] any cause of action" supporting their claim).

Suarez's Original Petition for Injunctive Relief requests injunctive relief based on Defendant's alleged failure to comply with the notice of default and

notice of sale provisions of the Texas Property Code, Defendant's allegedly invalid appointment of the Trustees, and Defendant's failure to provide mortgage assistance.  (Dkt. # 1, Ex. B-1, ¶¶ 4.03–5.01.)  In its Motion to Dismiss, Ocwen contends that: (1) Suarez's claim that Ocwen failed to comply with Texas Property Code § 51.002 is not ripe for adjudication, because a foreclosure sale has not occurred (Dkt. # 4 ¶¶ 6–7); (2) the Trustees were validly appointed pursuant to Texas Property Code § 51.0075(c) (id. ¶¶ 8–12); and  (3) Suarez's request for mortgage assistance does not give her the legal right to enjoin a foreclosure sale.  (Id. at ¶¶ 13–14.)   The Court addresses Ocwen's arguments as applied to each potential claim.

I.     Failure to Provide Notice

Pursuant to the Texas Property Code, a mortgage servicer must provide a defaulting debtor with notice of default via certified mail, "and giv[e] the debtor at least 20 days to cure the default before notice of sale can be given."  Tex. Prop. Code § 51.002(d).  If the debtor does not cure the default within twenty days, the mortgage servicer must provide notice of sale pursuant to procedures specified in the Texas Property Code  "at least 21 days before the date of sale."  Id. § 51.002(b).

Failure to comply with Texas Property Code §§ 51.002(b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.

See Crucci v. Seterus, Inc., No. EP-13-CV-317-KC, 2013 WL 6146040, at *3 (W.D. Tex. Nov. 21, 2013). Rather, "because § 51.002(b) and (d) 'set notice requirements based on the date of sale, a plaintiff can only bring a cause of action under either provision if she alleges that a sale has occurred.'" Id. (quoting Landry v. Wells Fargo Home Mortg., Inc., No. EP-13-CV-144-KC, 2013 WL 5278497, at *3 (W.D. Tex. Sept. 18, 2013)). Where a Temporary Restraining Order is issued preventing Defendant from conducting a foreclosure sale, "Plaintiff . . . fail[s] to allege a § 51.002 claim upon which relief can be granted" unless a subsequent foreclosure sale occurs. Landry, 2013 WL 5278497, at *4 (citing Twombly, 550 U.S. at 555–56).

      Here, Plaintiff argues that she did not receive adequate notice under Texas Property Code §§ 51.002(b) and (d), and Defendant does not attempt to demonstrate that it provided such notice. However, the Temporary Restraining Order issued by the 288th Judicial District Court of Bexar County prevented Defendant from conducting a foreclosure sale. (Dkt. # 1, Ex. B-2.) Plaintiff has not made a claim that a subsequent foreclosure sale has occurred. Accordingly, Plaintiff has not made a claim pursuant to Texas Property Code § 51.002 upon which relief can be granted.

II.     Failure to Properly Appoint Trustees

Pursuant to the Texas Property Code, "a mortgagee may appoint or may authorize a mortgage servicer to appoint a substitute trustee or substitute trustees to succeed to all title, powers, and duties of the original trustee." Tex. Prop. Code § 51.0075(c); see Covarrubias v. U.S. Bank, Nat. Ass'n, No. 3:13-CV-3002-B, 2015 WL 221083, at *4 (N.D. Tex., Jan 15, 2015); Gillespie v. BAC Home Loans Servicing, LP, No. 4:11-CV-388-A, 2013 WL 646383, at *6 (N.D. Tex. Feb. 21, 2013) (finding that "the plain language of" Texas Property Code § 51.0075(c) does not impose additional requirements to validate a substitute trustee's appointment).

Here, Ameriquest Mortgage Company properly assigned Suarez's mortgage to U.S. Bank National Association. (Dkt. # 4 ¶ 11; id., Ex. A-2 at 1.) U.S. Bank National Association, acting through its attorney-in-fact Ocwen, properly appointed the Trustees as substitute trustees. (Dkt. # 4 ¶ 12; id., Ex. A-3 at 1–2.) Accordingly, Defendant satisfied the requirements of Texas Property Code § 51.0075(c), and Plaintiff has not made a claim pursuant to Texas Property Code § 51.0075(c) upon which relief can be granted.

III.    Failure to Provide Mortgage Assistance

Absent a provision in the Deed of Trust, Texas "courts consistently do not recognize a right to a loan modification." Wilkinson v. Wells Fargo Bank,

N.A., No. A-15-CV-249-SS, 2015 WL 2250091, at *5 (W.D. Tex. May 11, 2015); Wright v. Wells Fargo Bank, N.A., No. A-12-CV-753-LY, 2013 WL 7212006, at *11 (W.D. Tex. Sept. 27, 2013) ("Texas law do[es] not require" the mortgagee or substitute trustee to "provide [mortgagor] with a list of cure options," nor does it provide "the right to any loan modification") (quoting Cruz v. CitiMortgage, Inc., No. 3:11-CV-2871-L, 2012 WL 1836095, at *6 (N.D. Tex. May 21, 2012) (internal quotation marks omitted)).

Further, loan modification agreements in the state of Texas are subject to the Statute of Frauds; therefore, such agreements must be in writing to be actionable. See Avila, 2014 WL 4999440, at *2 ("loan modification agreements in the foreclosure context must be in writing") (citing Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013)).

Here, the Deed of Trust expressly provides that the lender and subsequent assignees of the mortgage instrument have no obligation to modify the loan agreement. (Dkt. # 4, Ex. A-1, ¶ 11.) Accordingly, Suarez has no legal right to loan modification prior to foreclosure. Suarez claims she sent Ocwen a request for mortgage assistance, submitted relevant documents to Ocwen, and was promised "that Ocwen would work with [her] to avoid foreclosure." (Dkt. # 1, Ex. B-1, ¶¶ 4.05–5.01.) However, Suarez does not allege that Ocwen made a written agreement to provide Suarez with mortgage assistance. Absent such writing,

Suarez does not have an actionable claim to mortgage assistance pursuant to Texas law.

Because Plaintiff has failed to plead any viable cause of action, she does not demonstrate "a likelihood of success on the merits," and her claim for injunctive relief must be dismissed.  Byrum, 366 F.3d, at 445; Rodriguez v. Bank of Am., N.A., No. SA-12-CV-00905-DAE, 2013 WL 1773670, at *13 (W.D. Tex. Apr. 25, 2013) (finding that where there is no "viable cause of action," Plaintiff's "request for injunctive relief fails.").

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. # 4).  Accordingly, Suarez's claim regarding failure to properly appoint the Trustees is **DISMISSED WITH PREJUDICE.**  Suarez's claims regarding failure to provide notice and failure to provide mortgage assistance are **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, November 12, 2015.

_____
David Alan Ezra
Senior United States Distict Judge